UNITED STATES OF AMERICA, }
}
Plaintiff, }
}
v. } No. 04-20129-01-GTV/DJW
}
CRAIG IVANCIC, }
}
Defendant. }

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Kim M. Berger, and Craig Ivancic, the defendant, personally and by and through defendant's counsel, Ronald E. Partee, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count(s) 2 of the Indictment charging a violation of Title 18, United States Code, § 2422(b), that is, use of a facility of interstate commerce that is a telephone to attempt to entice a minor to engage in sexual activity. By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense. The defendant understands that the maximum sentence which may be imposed as to Count of the indictment to which the defendant has agreed to plead guilty is not less than 5 years nor more than 30 years of imprisonment, a $250,000 fine, not more than 5 years of supervised release, and a $100 mandatory special assessment. The United States agrees that at the time of sentencing it will move for dismissal of the remaining counts of the indictment.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

Beginning August 30, 2004, Federal Bureau of Investigation Task Force Officer, Angie Wilson, while posing as a 14 year old female residing in Clay County, Missouri, had contact with the defendant Ivancic via the internet. From August 30, 2004 through September 9, 2004, Wilson had daily contact with the defendant using multiple means of communication including the defendant's Sprint telephone, used to text message, and via the internet. During these communications the defendant expressed his interest in a sexual relationship with the minor. On September 8, 2004, the defendant asked if he could travel from his home in Prairie Village, Kansas, to the minor's residence in Clay County, Missouri, on September 9, 2004, while her parents were out of town. Ivancic stated that he wanted to engage in sex with the minor, indicating that he would bring condoms and a CD of music.

During the chats the defendant indicated that he was a coach for the Kansas City Blazers Swim team. Agents verified that the defendant was listed as a coach for the Kansas City Blazers and also verified that he was the subscriber to the Sprint phone used to send the text messages.

On September 9, 2004, the defendant sent a text message to Wilson stating that he had just gone to the store and bought condoms. Agents observed the defendant leave his home in Prairie Village, Kansas, and travel to the HyVee grocery store located at 7620 State Line Road. He was

observed leaving the store carrying a bouquet of flowers. The agents then followed the defendant until he entered I-35 North. A short time later the defendant pulled into the driveway of the Clay County residence, and Wilson received a text message from the defendant telling her to go out onto the back deck. The defendant was arrested. A search of his person revealed a box of condoms and a bottle of lubricant.

The defendant was advised of his rights pursuant to Miranda and stated that he had been communicating with a 14 year old female living in Clay County, Missouri. He stated that he used his telephone and computer to communicate with her. He stated that he had sent her four images of his penis from his Sprint phone and that he brought up the subject of sex with the female during their chats. The defendant further admitted that he brought up the subject of traveling to the minor female's home for the purpose of engaging in sex. Finally, the defendant admitted that he had been communicating with another minor female located in Johnson County, Kansas, over the past year and a half. They began communicating in the spring of 2003 and began a sexual relationship shortly thereafter. He stated that they had engaged in intercourse four times with the latest being in December of 2003.

3. **Relevant Conduct.** The defendant understands that the conduct charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the

offense level for Count 2, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

4. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

   a. To not file any additional charges against the defendant arising out of the facts forming the basis for the present indictment;

   b. To recommend a sentence at the low end of the applicable guideline range;

   c. To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty. However, the government's obligation concerning acceptance of responsibility is contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to withdraw this recommendation without breaching this agreement;

   d. To not request an upward departure from the applicable sentencing guideline range if the defendant agrees not to request a downward departure;

In the event the defendant breaches or violates this plea agreement or otherwise fails to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant violates this plea

agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rules of Criminal Procedure, § 11(f), Federal Rules of Evidence, § 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

5. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

6. **Information Provided by Defendant.** The United States agrees not to use new information the defendant provides about the defendant's own criminal conduct except as specifically authorized by U.S.S.G. § 1B1.8. As such, this information may be revealed to the Court but may not be used against the defendant in determining the defendant's applicable guideline range or departing above his guideline range. Defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information: (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; (4) in the event there is a breach of this agreement; or (5) in determining whether and to what extent a downward departure as a result of a

government motion pursuant to Title 18, U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 is warranted.

7. **Withdrawal of Plea Not Permitted.** The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

8. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing. The defendant agrees to deliver payment to the clerk of the court in the appropriate amount no later than the day of plea. If the defendant fails to make full payment of the special assessment the United States will no longer be bound by the provisions contained in Section 4(b) of this agreement. The burden of establishing an inability to pay the required special assessment lies with the defendant.

9. **Waiver of Appeal and Collateral Attack.** Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a

motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

**10.** **Waiver of *Blakely* rights.** The defendant agrees to waive any rights that may have been conferred under *Blakely v. Washington*, 2004 WL 1402697 (June 24, 2004), and agrees to have the sentence in this case determined under the U.S. Sentencing Guidelines (Guidelines). The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines.

**11.** **Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

12. **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, Title 18, U.S.C. § 3006A, for attorneys fees and other litigation expenses arising out of the investigation or prosecution of this matter.

13. **Full Disclosure by United States.** The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

14. **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

15. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands

it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

_[signature]_ Date: 01-10-05
MARIETTA PARKER, # 77807
Criminal Chief/Supervisor
500 State Ave., Suite 360
Kansas City, KS 66101
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
E-mail: marietta.parker@usdoj.gov

_[signature]_ Date: 1-10-05
KIM M. BERGER, # 13407
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
E-mail: kim.berger@usdoj.gov

_[signature]_ Date: 1-10-05
CRAIG IVANCIC
Defendant

_[signature]_ Date: 1-10-05
RONALD E. PARTEE
Fox, Partee & Nigro
606 West 39th Street
Kansas City, MO 64111
Attorney for CRAIG IVANCIC

9